IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DWIGHT A. WILLIAMS,

                OPINION AND ORDER

          Petitioner,

                17-cv-685-bbc

    v.

JOHN E. LITSCHER,

         Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Dwight A. Williams has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a judgment of conviction entered on December 10, 1996, by the Circuit Court for Dane County, Wisconsin, on multiple counts of forgery, resisting or obstructing an officer and bail jumping, in Case No. 1996CF42. Petitioner raises the following grounds for relief: (1) the court erred by imposing a term of probation to run consecutively to his prison sentence; (2) petitioner was forced to proceed to trial without the assistance of counsel; (3) petitioner received ineffective assistance of counsel; and (4) witness tampering. The petition is before this court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

I am dismissing the petition because it is clearly untimely. Petitions brought under § 2254 have a one-year statute of limitations that begins to run from the date on which the judgment of conviction is final. That deadline may be extended if the state

prevented the petitioner from filing earlier, if the Supreme Court has recognized a new constitutional right, or if the petitioner has discovered new facts supporting his claim, but petitioner does not allege that any of those things apply to his case. 28 U.S.C. § 2244(d)(1)(B)-(D).

According to the petition, attachments and electronic court records, petitioner was sentenced in Dane County case no. 1996CF42 on March 31, 1997. He filed a notice of appeal on July 8, 1997, but the appeal was dismissed in April 1998. He did not seek review of the dismissal in the Wisconsin Supreme Court. Petitioner was incarcerated out of state from 1999 and 2005 and did not seek to challenge his conviction or sentence during that period. In May 2010, petitioner filed a motion for postconviction relief relating to his probation. He also filed additional motions with the circuit court and court of appeals in 2014 and 2016. The court of appeals denied petitioner's most recent motions for lack of jurisdiction. State of Wisconsin ex rel. Williams v. Circuit Court for Dane County, 2016AP1582-W (Oct. 12, 2016). Petitioner did not file his habeas petition in this court until September 1, 2017, long after his one-year time period for filing a federal habeas petition had expired. Therefore, it is plainly untimely under § 2244(d)(1)(A).

Petitioner may contend that his one-year clock was tolled because he filed several motions with the circuit court and court of appeals. Under § 2244(d)(2), the time during which a "properly filed application for state post-conviction or other collateral review" is pending is not counted toward any period of limitation. However, the petition and the

2

electronic records show that more than one year had elapsed from the time petitioner's conviction was final and any properly filed application for state post-conviction or other collateral review." In other words, by the time petitioner filed a proper collateral attack in 2010, his federal habeas clock had long since run.

Petitioner appears to argue that his petition is timely under the doctrine of equitable tolling. An untimely petition may be salvaged if grounds exist to equitably toll the limitation period. Equitable tolling, however, is an extraordinary remedy that is rarely granted. Tucker v. Kingston, 538 F.3d 732, 734 (7th Cir. 2008). The Supreme Court has explained that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

In this instance, petitioner states that he failed to file his federal habeas petition within the one-year deadline because he was incarcerated out of state and did not have counsel. This is not enough to invoke equitable tolling. Petitioner does not explain why being held out of state prevented him from filing any habeas petition or other motion for postconviction relief on his own. Additionally, the fact that petitioner was out of state between 1999 and 2005 does not explain why he waited until 2010 to file a postconviction motion and until 2017 to file his federal habeas petition. Although I understand that it can be difficult to understand filing requirements and deadlines, the "[l]ack of familiarity with the law . . . is not a circumstance that justifies equitable

tolling." Taylor v. Michael, 724 F.3d 806, 811 (7th Cir. 2013). Accordingly, petitioner has shown no basis for tolling the one-year habeas deadline. Because he did not file his habeas petition within one year after his conviction became final, it is time-barred under § 2244(d)(1)(A).

The only matter remaining for discussion is whether to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If a district court dismissed a habeas petition based on procedural grounds without reaching the underlying constitutional claims, then a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Each showing is a threshold inquiry; thus, the court need address only one component if that particular showing will resolve the issue. Id. at 485.

This petition should not proceed further. No reasonable jurist would disagree that

the petition is untimely and that petitioner has failed to show that equitable tolling should apply. Therefore, petitioner is not entitled to a certificate of appealability.

ORDER

IT IS ORDERED that the federal habeas corpus petition filed by Dwight A. Williams is DENIED and this case is DISMISSED with prejudice. A certificate of appealability is DENIED. If petitioner wishes he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 9th day of November, 2017.

BY THE COURT:
/s/
_____
BARBARA B. CRABB
District Judge